# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1532

_____

United States of America,          *
                                          *

          Appellee,          *
                                          *   Appeal from the United States

     v.                          *   District Court for the
                                          *   Eastern District of Missouri.

Robert Francis, also known as Pete,  *
                                          *   [UNPUBLISHED]

          Appellant.         *

_____

Submitted: June 7, 2007
Filed: June 15, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Robert Francis appeals the district court's[1] denial of his motion for return of a Charles Schwab Brokerage account containing $15,650.95. Francis asserted that his due process rights were violated because he did not receive actual notice of the forfeiture proceeding.

We have carefully reviewed the record, see Lobzun v. United States, 422 F.3d 503, 507 (7th Cir. 2005) (de novo standard of review), and we agree with the district

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

court that Francis was provided constitutionally adequate notice of the forfeiture proceeding, see Dusenbery v. United States, 534 U.S. 161, 168-70 (2002) (due process requires notice "reasonably calculated" to apprise interested parties of pendency of forfeiture action). In January 2001, while Francis was a fugitive, written notice of the intent to forfeit was sent to several addresses believed to be his and was published for three successive weeks in the New York Times. See Madewell v. Downs, 68 F.3d 1030, 1046-47 (8th Cir. 1995) (government's endeavors to provide claimant, who was not in federal custody, with notice by sending written notice to claimant's last known address, and publishing notice in newspaper of general circulation, was reasonably calculated, under the circumstances, to achieve result required by due process).

We reject Francis's arguments that notice should have been published in a local newspaper, see United States v. Robinson, 434 F.3d 357, 367-68 (5th Cir. 2005) (although local newspaper would have been more likely to provide claimant notice, government's publication in New York Times comported with due process requirements), and that the government should have provided him notice in March 2001, after he was taken into custody: the government had already provided him constitutionally adequate notice in January 2001, see Madewell, 68 F.3d at 1046 (adequacy of notice is measured at time it was sent).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.
_____